ATTORNEY GENERAL OF THE
TERRITORY OF GUAM, Petitioner

v.

SUPERIOR COURT OF GUAM, Respondent
LARRY J. FLORES, Real Party in Interest

Civil No. 79-00153
District Court of Guam
January 2, 1980

- - - - -

DUENAS, Judge

This is a matter brought before the District Court pursuant to §1084 to §1097 of the Guam Code of Civil Procedure, dealing with Writs of Prohibition. On November 26, 1979, a Motion to Suppress was scheduled in the Superior Court in People of the Territory of Guam v. Larry J. Flores, (S.Ct. No. 90F-79). However, rather than hear the motion to suppress, the Superior Court entertained an application to disqualify the Attorney General of Guam from acting as prosecutor in the case. On that same date an order was signed by the Honorable Paul J. Abbate, in which he disqualified the Attorney General's Office, due to an alleged conflict of interest, and in which the Presiding Judge then appointed a Special Prosecutor of his own choice.

On December 5, 1979, a Stay Order was entered by the District Court, ordering the Superior Court to refrain from taking any further action in People v. Flores, supra, pending the final determination of a December 5, 1979 Writ of Prohibition filed by the Government. An initial hearing was had on this matter on December 17, 1979, with proceedings continued until December 27, 1979 so that the parties could have additional time to brief the issues presented.

This Memorandum Order results from the December 27, 1979 hearing on Writ of Prohibition, in which counsel for all interested parties appeared.

This whole matter concerns several very important issues of separation of power as delineated in the Organic Act of Guam, 48 U.S.C. §1421, et seq., and contained in the common law. Even though the Attorney General strenuously objected to the lack of notice and opportunity given to prepare, the Superior Court continued with the motion to disqualify when only a motion to suppress was scheduled to be heard. Also, only unsworn representations of counsel were considered, with no attempt to hear legally admitted evidence.

On the face of the authority submitted by the Government, People v. Carlos G. Camacho, [1 Guam R. 501] it seems evident that the Organic Act of Guam, 48 U.S.C. §1421, §1422, et seq., forbids the appointment of a special prosecutor by any body of government other than the Executive Branch. If adequate notice was given to counsel for the Government, perhaps the Superior Court would have been supplied with the

above Guam Supreme Court case and it would have been aided in making its decision.

The District Court sees no reason why it should make a de novo decision on matters which were not fully briefed and presented before the Superior Court of Guam. The November 26, 1979 Decision and Order of the Superior Court is vacated, and the Superior Court is ordered to schedule a hearing on the disqualification issue with full and adequate notice being given to counsel for both sides. With the vacating of the November 26, 1979 Decision and Order, the appointment of a "Special Prosecutor" by the Superior Court is declared a nullity.

Vacated and remanded.

SO ORDERED.